```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOYELLE BUKOWSKI,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         17-CV-0845(JS)(ARL)

JUDGE JEFFREY ARLEN SPINNER,
MARY BETH DANIELS, DENNIS M. BROWN,
LORI TOWNS, JOANNE MERRIHUE,
KATHLEEN TURNER, STEPHANIE STEVENSON,
PHILIP J. CASTROVINCI & MADY,
and ADAM SAYLOR,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Joyelle Bukowski, pro se
                    62 Point Circle South
                    Coram, NY 11727

For Defendants:
Hon. Jeffrey Arlen
Spinner              Ralph Pernick, Deputy Attorney General
                     New York State Attorney General
                     200 Old Country Road, Ste. 240
                     Mineola, NY 11501

Mary Beth Daniels    Matthew K. Flanagan, Esq.
                     Catalano, Gallardo & Petropoulos, LLC
                     100 Jericho Quadrangle, Ste. 214
                     Jericho, NY 11753

Dennis M. Brown,
Lori Towns, Joanne
Merrihue, and
Kathleen Turner      Brian C. Mitchell, Deputy County Attorney
                     Suffolk County Department of Law
                     100 Veterans Memorial Highway
                     P.O. Box 6100
                     Hauppauge, NY 11788

Philip J.
Castrovinci & Mady   Philip J. Castrovinci, Esq.
                     Castrovinci & Mady, Attorneys at Law
                     One Edgewood Avenue, Ste. 200
                     Smithtown, NY 11787
```

Adam Saylor          No appearance.

SEYBERT, District Judge:

On February 13, 2017, pro se plaintiff Joyelle Bukowski ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Hon. Jeffrey Arlen Spinner, New York State Family Court, Suffolk County ("Judge Spinner"); Mary Beth Daniels, Law Guardian ("Daniels"); Dennis M. Brown, Suffolk County Attorney ("Brown"); Lori Towns ("Towns"), Joanne Merrihue ("Merrihue"), Kathleen Turner ("Turner"), Stephanie Stevenson ("Stevenson"), Philip J. Castrovinci & Mady[1] ("Castrovinci"), and Adam Saylor ("Saylor" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

On March 20, 2017, Plaintiff filed a motion to withdraw her pending application to proceed in forma pauperis and paid the $400 filing fee. (See Docket Entries 6-7.) Given the payment of the filing fee, Plaintiff's motion to withdraw her request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to FED. R. CIV. P. 12(h)(3).

---

[1] Given that Castrovinci is an attorney at Castrovinci & Mady (see Docket Entry No. 16), it appears that, although Plaintiff included "& Mady" in the caption of the Complaint, Plaintiff's claims are intended as against Castrovinci and not the law firm.

## BACKGROUND[2]

Plaintiff's Complaint is submitted on a Section 1983 complaint form and seeks to challenge rulings made in an underlying state court child custody case, including an unfavorable opinion granting sole custody of her son to Saylor, the father of her child. More specifically, Plaintiff complains that her child was removed from her home on June 20, 2016 pursuant to a warrant issued by Judge Spinner in violation of her Fourth, Sixth, and Fourteenth Amendment rights. (Compl. ¶ II.B and at 5, 11.) Temporary custody was awarded to the child's father, Saylor, and a restraining order was entered against Plaintiff that permitted her to have supervised visitation with her son for one hour per week "at a CPS detention center." (Compl. at 5, 8.) Plaintiff also claims that, as of November 23, 2016, Judge Spinner removed all visitation and Plaintiff has not seen her son since that time. (Compl. at 5.)

Plaintiff alleges that Saylor "has been abusive and negligent" and that the child's law guardian, Daniels, was "not trouble[d]" by these actions. (Compl. at 5.) Plaintiff claims that caseworkers Towns and Merrihue "lambasted" Plaintiff in their report to Judge Spinner and she lost custody of her son. (Compl. at 5, 8.) According to the Complaint, Plaintiff called 911 to

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

report that she believed her son had been sexually abused while in Saylor's care and, as a result, she has been characterized by Castrovinci, Sayor's attorney in the underlying Family Court matter, and the CPS attorneys as "unstable." (Compl. at 6.) Plaintiff complains that she has been subjected to "unfounded" charges of neglect by CPS and the individuals involved in the underlying family court matter--Castrovinci and "the chorus of CPS caseworkers . . . orchestrated by a compliant Judge alligned [sic] against [Plaintiff]." (Compl. at 8.) Plaintiff describes that what has happened to her and her son "is heinous, unconscionable, fascist and psychopathic. No institution of this government has the right to act as terrorists." (Compl. at 9.)

As a result of the foregoing, Plaintiff claims that "monetary injuries have been substantial--loans, inability to seize on job opportunities" and seeks, <u>inter</u> <u>alia</u>, an order restoring custody of her son and prohibiting Saylor from visitation for two years "as the family relationship is fully restored and visitation thereafter at the discretion solely of the mother." (Compl. at 8-9.) Plaintiff also seeks to recover an award of actual and punitive damages. (Compl. at 9.)

Defendants Judge Spinner, Daniels, Brown, Towns, Merrihue, Turner, Stevenson, and Castrovinci have filed letters requesting a pre-motion conference for the purpose of moving to dismiss the Complaint. (<u>See</u> Docket Entry Nos. 10-11, 15-16.)

Plaintiff has filed opposition. (See Docket Entry Nos. 13-14.) Given the dismissal of the Complaint for the reasons set forth below, the Defendants' requests for a pre-motion conference are DENIED AS THEY ARE NOW MOOT.

## DISCUSSION

### I. Standard of Review

The Court is required to read a pro se plaintiff's Complaint liberally and construe it to raise the strongest arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Irrespective of whether they are drafted pro se, all complaints must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting

5

Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. FED. R. CIV. P. 12(h)(3); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000) (per curiam).

III. The Domestic Relations Exception Bars Plaintiff's Claims

Jurisdiction over the Complaint is barred by the domestic relations exception to the jurisdiction of the federal courts. Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds. Marshall v. Marshall, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006) (internal quotation marks and citation omitted); Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (dismissing pro se complaint seeking to challenge state court child custody order because federal court review was barred by the domestic relations exception) (citing Mitchell-Angel v. Cronin, 101 F.3d 108 (2d Cir. 1996) (unpublished opinion); American Airlines v. Block, 905 F.2d 12, 14 (2d Cir. 1990)). This exception is based upon a "policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which the federal courts lack." Thomas

6

v. N.Y. City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993).

As is readily apparent, Plaintiff's claims focus on the return of custody of her son following determinations in the state family court placing the child in the custody of his father, Saylor. Such claims unquestionably implicate the judicially recognized exception to federal subject matter jurisdiction in cases involving domestic relations. Specifically, the Supreme Court has recognized "that [t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2214, 119 L. Ed. 2d 468 (1992) (internal quotation marks and citation omitted); Sobel v. Prudenti, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." (internal quotation marks and citation omitted); see also Hernstadt v. Hernstadt, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] In re Burrus, 136 U.S. 586, 10 S. Ct. 850, 34 L. Ed. 500 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation.").

Although Plaintiff styles some of her claims as raising constitutional issues, the allegations stem from a state domestic relations matter and are thus outside this Court's jurisdiction.

7

McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, the district court did not have subject matter jurisdiction) (citing Neustein v. Orbach, 732 F. Supp. 333 (E.D.N.Y. 1990) (district court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations)); see also Sullivan v. Xu, 10-CV-3626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (no jurisdiction over the plaintiff's challenges to child custody and child support orders). Accordingly, because Plaintiff seeks a determination that she was improperly denied custody and/or visitation with her child, the Court lacks jurisdiction and this action is barred by the domestic relations exception to this Court's jurisdiction. The Complaint is thus DISMISSED pursuant to FED R. CIV. P. 12(h)(3). See Neustein, 732 F. Supp. at 339 (an action is barred by domestic relations exception if, "in resolving the issues presented, the federal court becomes embroiled in factual disputes concerning custody and visitation . . . .").

IV. The Rooker-Feldman Doctrine Also Bars Plaintiff's Claims

Even if Plaintiff's Complaint was not barred by the

domestic relations exception, the Rooker-Feldman doctrine precludes review of Plaintiff's claims in this Court. Coalescing the Supreme Court's holdings in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-17, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), the Rooker-Feldman doctrine prohibits federal district courts from considering collateral attacks to state court judgments. There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment simply by casting his [or her] complaint in the form of a civil rights action." Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (internal quotation marks and citation omitted).

Here, Plaintiff's allegations seek to collaterally attack the state court's orders against Plaintiff relating to the custody and visitation of her son. Plaintiff is a state-court loser who complains here of injuries caused by the state court and invites

this Court to review and reject the state court orders, all of which were issued on or before June 20, 2016, well before Plaintiff filed her Complaint here on February 13, 2017. Thus, because all of the Rooker-Feldman requirements are satisfied, the Court lacks jurisdiction to adjudicate Plaintiff's claims. Accordingly, the Complaint is DISMISSED pursuant to FED. R. CIV. P. 12(h)(3) on the additional ground that the Rooker-Feldman doctrine divests this Court of jurisdiction.

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defect in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's motion to withdraw her pending application to proceed in forma pauperis (Docket Entry 7) is GRANTED given her payment of the filing fee. However, the Complaint is sua sponte DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3) and Defendants' applications requesting a pre-motion conference for the purpose of moving to dismiss the Complaint

(Docket Entries 10, 11, 15, 16) are DENIED AS MOOT.

The Court notes that the filing fee was paid while Plaintiff's application to proceed in forma pauperis was pending, and her application demonstrates that she is indigent. Further, she represents that she borrowed the money to pay the filing fee from a family member. In light of the extraordinary circumstances in this case, IT IS HEREBY ORDERED that the filing fee shall be returned to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore should Plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __28__, 2017
       Central Islip, New York